IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION

MARSAY COGGINS,

    Petitioner,

v.                                              CASE NO. 4:15-cv-134-RH-GRJ

SECRETARY, FLA. DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his November 1999 jury-trial conviction in Jefferson County of second degree murder, for which he received a life sentence. (ECF No. 2.)  On September 21, 2015, Respondent filed the instant Motion to Dismiss Petition for Habeas Corpus as Untimely. (ECF No. 14.)  Petitioner filed a response in opposition, ECF No. 16, and therefore, the motion is ripe for review. For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition be dismissed.

### State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion. (ECF No. 14.)  In

January 1999, the State charged Petitioner with second degree murder and possession of a firearm by a convicted felon. (ECF No. 14-1 at 38.)[1] A jury found Petitioner guilty of second degree murder. (*Id.* at 40.) The Court sentenced Petitioner to life imprisonment. (*Id.* at 45–48.)  On May 16, 2001, the First District Court of Appeals ("First DCA") affirmed *per curiam* without opinion, and the mandate followed on June 1, 2001. (*Id.* at 49–50.)

On May 14, 2002, Petitioner submitted for mailing a petition for writ of habeas corpus. (*Id.* at 52–94.) The First DCA *per curiam* denied the petition without opinion on June 21, 2002. (*Id.* at 95.) Petitioner then filed a motion for rehearing on July 12, 2002, which was denied on August 9, 2002. (*Id.* at 96.)

On July 14, 2002, Petitioner filed his first motion to correct sentence under Fla. R. Crim. P. 3.800(a). (*Id.* at 100–12.) The circuit court denied Petitioner's motion on September 10, 2002. (*Id.* at 121.) Petitioner filed a notice of appeal on September 15, 2002, and the First DCA *per curiam* affirmed without opinion on February 14, 2003. (*Id.* at 122, 125.) Petitioner then filed a motion for rehearing on February 26, 2003, which the First

---

[1] Although the record before the Court is unclear as to the firearm count following the initial charge, the circuit court's order denying Petitioner's March 5, 2003 motion for post-conviction relief discloses that the firearm count was subsequently severed. (*Id.* at 159.)

DCA denied on April 16, 2003, and the mandate followed on May 2, 2003. (*Id.* at 126–27.) Petitioner subsequently filed a petition for review in the Florida Supreme Court, which was dismissed on May 13, 2003 for lack of jurisdiction. (*Id.* at 128.)

Next, on March 5, 2003, Petitioner submitted for mailing his first motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. (*Id.* at 132–58.) The circuit court denied Petitioner's motion on June 26, 2003. (*Id.* at 159–63.) Petitioner appealed to the First DCA on July 9, 2003. (*Id.* at 164.) The First DCA *per curiam* affirmed without opinion on March 29, 2004. (*Id.* at 167.) Petitioner filed a motion for rehearing and/or judicial clarification on April 15, 2004, which the First DCA denied on May 5, 2004. (*Id.* at 168.) The mandate followed on May 21, 2004. (*Id.* at 169.)[2]

Petitioner subsequently proceeded with various state court filings over the next ten years, which will be briefly summarized for the purpose of this report and recommendation.

On March 8, 2007, Petitioner filed a second motion for post-conviction relief pursuant to Rule 3.850. (*Id.* at 173–82.) The circuit court

---

[2] The trial court docket also discloses that Petitioner made public records requests on April 14, 2004 and again on January 23, 2007. (*Id.* at 5.) Petitioner also filed a motion for telephonic hearing and petition for accelerated hearing on January 23, 2007. (*Id.* at 4–5.)

denied Petitioner's motion on July 3, 2007, and the First DCA *per curiam* affirmed without opinion on April 17, 2008. (*Id.* at 183–86, 190–92.) The mandate followed on May 5, 2008. (*Id.* at 193.)

Petitioner filed a second motion to correct sentence pursuant Rule 3.800 on August 25, 2009, which was voluntarily dismissed on November 29, 2010. (*Id.* at 196–207.) In the meantime, on November 10, 2009, Petitioner filed a motion for DNA testing pursuant to Fla. R. Crim. P. 3.853, which was denied on July 31, 2012. (*Id.* at 209–25, 232–33.)

On December 3, 2010, Petitioner filed a third motion to correct sentence. (*Id.* at 237–40.) The circuit court denied Petitioner's motion on November 14, 2011, the First DCA *per curiam* affirmed on April 30, 2012, and the mandate followed on May 29, 2012. (*Id.* at 261–62, 289–90.)

Next, on October 9, 2012, Petitioner filed a third motion for post-conviction relief pursuant to Rule 3.850. (*Id.* at 292–99.) The circuit court dismissed the motion without prejudice on May 22, 2013. (*Id.* at 300.) Petitioner filed a fourth motion for post-conviction relief on July 22, 2013, which was dismissed on February 12, 2014. (*Id.* at 304–11, 315–23.) Petitioner subsequently provided the instant petition to Jefferson Correctional Institution ("Jefferson CI") personnel for mailing on March 6, 2015. (ECF No. 2.)

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the 1-year limitation period for the time during which a properly filed application for State post-conviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*,

219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

As an initial matter, because Petitioner filed his Petition after April 24, 1996, his Petition is governed by § 2254 pursuant to the AEDPA. Thus, § 2244(d)(1) governs the limitations period in which Petitioner had to file his Petition. Under § 2244(d)(1)(A), Petitioner was required to file his Petition by August 2, 2004, but failed to do so until March 6, 2015. Therefore, his Petition for writ of habeas corpus is untimely.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Under the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Id.* at 1341. A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A petitioner has a 90-day period in which to file a *certiorari* petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of*

*Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004). "[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . ." *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006). A state appellate court's *per curiam* affirmance of a conviction is not reviewable by the Florida Supreme Court. *Jackson v. State*, 926 So. 2d 1262, 1265; *see also* Fla. Const. Art. V, § 3(b)(1). Thus, in these circumstances, the appellate court is the highest state court in which a prisoner can seek review and the prisoner should receive the benefit of the 90-day period. *See Chavers*, 468 F.3d at 1274-75.

In this case, with respect to the first *Adams* prong, Petitioner provided his Petition to Jefferson CI for mailing on March 6, 2015. (ECF No. 2.)  Accordingly, under the mailbox rule, Petitioner is deemed to have officially filed his Petition in this Court on March 6, 2015.

As to the second prong under *Adams*, the record is devoid of any evidence suggesting that Petitioner sought direct review of his conviction from the Florida Supreme Court. Nonetheless, because the First DCA *per curiam* affirmed Petitioner's conviction, Petitioner was not entitled to seek review from the Florida Supreme Court. *See Jackson*, 926 So. 2d at 1265. Thus, looking to Petitioner's direct appeal to determine the date that

Petitioner's conviction became final, Petitioner directly appealed his conviction to the First DCA, which affirmed *per curiam* without opinion on May 16, 2001, and the mandate followed on June 1, 2001. (ECF No. 14-1 at 49–50.)  Petitioner received the benefit of the 90-day period because the appellate court was the highest court in which he could seek review. *See Chavers*, 468 F.3d at 1274-75. Additionally, Petitioner's 90-day period began on the entry of judgment, May 16, 2001. *See id.* at 1275. Consequently, Petitioner's state conviction became final for AEDPA purposes on August 14, 2001, ninety days after the entry of judgment.

   After Petitioner's conviction became final for AEDPA purposes on August 14, 2001, the one-year period to file a habeas petition ran un-tolled for 272 days from August 15, 2001 until May 14, 2002, the date that Petitioner filed his state habeas petition. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling while state habeas corpus petition is pending); *Bridges v. Johnson*, 284 F.3d 1201, 1202 n.1 (11th Cir. 2002) ("It is not disputed that the filing of a state habeas petition tolls the AEDPA statute of limitations under 28 U.S.C. § 244(d)(2).").  While the habeas petition was pending, Petitioner's clock remained tolled until the First DCA denied the petition on June 21, 2002. (ECF No. 14-1 at 95.) The clock began running again on June 22, 2002.

Twenty additional days then elapsed on Petitioner's one-year clock until he filed his motion for rehearing on July 12, 2002, for a total of 292 untolled days. The Court acknowledges that it is questionable whether his motion for rehearing was timely filed. The First DCA's order denying the motion for rehearing does not mention whether the First DCA considered the motion for rehearing as timely filed.  While typically, a motion for rehearing must be filed within 15 days of an order pursuant to Fla. R. App. P. 9.330(a), "Florida Courts may extend the time for motions for rehearing at their discretion, rather than applying the rule." *Van Zant v. Fla. Parole Comm'n*, 308 F. App'x 332, 335 (11th Cir. 2009).  Consequently, the Court cannot conclude that Petitioner's motion for rehearing was filed improperly for purposes of the AEDPA. *See id.* ("Accordingly, the failure to file the motion for rehearing within the time limit does not render Van Zant's motion improperly filed for purposes of the AEDPA."). For tolling purposes the Court therefore the Court assumes that Petitioner's one-year clock was tolled by the motion for rehearing from July 12, 2002 until the First DCA denied the motion on August 9, 2002.

Nonetheless, in the meantime, Petitioner's first motion to correct sentence pursuant to Rule 3.800, filed on July 14, 2002, tolled the clock until May 2, 2003. *See Ford v. Moore*, 296 F.3d 1035, 1036, 1040 (11th

Cir. 2002) (a motion to correct an illegal sentence pursuant to Rule 3.800 operates to toll the limitation period under § 2244(d)(2)). The tolling period ended on May 2, 2003—the date the First DCA's mandate issued on the First DCA's *per curiam* affirmance of the circuit court's denial of Petitioner's July 14, 2002 Rule 3.800 motion. (ECF No. 14-1 at 12–27.)[3]

In the meantime, however, Petitioner's March 5, 2003 Rule 3.850 motion for post-conviction relief continued tolling his one-year clock until the First DCA issued the mandate on May 21, 2004. (*Id.* at 132–58, 169.)[4] Petitioner's clock therefore began to run again on May 22, 2004, with 292 un-tolled days having elapsed. The next tolling event did not occur until March 8, 2007, when Petitioner filed his second motion for post-conviction

---

[3] Although Petitioner subsequently sought review in the Florida Supreme Court, such review did not toll the limitation period because the petition was not properly filed. To toll the AEDPA limitations period, the filing must be properly filed. *See* § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court of Florida, lacks jurisdiction to review *per curiam* decisions of the district courts of appeal rendered without opinion. *Jenkins v. State*, 385 So. 2d 1356, 1359 (1980). In this case, because the Supreme Court of Florida did not have jurisdiction over Petitioner's petition for review, the petition was not properly filed. *See Artuz*, 531 U.S. at 9 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed."). Accordingly, the petition to the Florida Supreme Court does not operate to toll Petitioner's one-year clock.

[4] While it appears that Petitioner did not file his April 15, 2004 motion for rehearing within 15 days pursuant to Fla. R. App. P. 9.330(a), for the reason previously discussed, the Court cannot conclude that the motion was improperly filed for AEDPA purposes.

relief pursuant to Rule 3.850. (Id. at 173–82.)[5] Nonetheless, almost three years had passed between May 22, 2004 and March 8, 2007. Petitioner's one-year clock had ended on August 2, 2004—seventy-three days after the First DCA issued the mandate on May 21, 2004. Although Petitioner proceeded to file multiple state court filings after August 2, 2004, those filings do not revive the one-year limitation period. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."). Considering Petitioner failed to file his federal habeas petition until March 6, 2015, Petitioner's petition is untimely under the AEDPA's one-year limitation period.[6]

In his response, Petitioner argues that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses his default for failing to present his claim within the one-year limitation period. (ECF No. 16 at 5.) Petitioner asserts that the

---

[5] Petitioner's interim public records requests and motion for telephonic hearing and petition for accelerated hearing do not toll his one-year period. To toll the limitations period, a filing must be a properly filed application for state post-conviction or collateral review. § 2244(d)(2). "[A] public records request and litigation concerning the same is not a collateral attack and is irrelevant to a time limitation calculation." *Williams v. Sec'y, Dep't of Corrections*, No. 8:07-CV-458-T-30EAJ, 2015 WL 6704312, at *2 (M.D. Fla. Apr. 20, 2009) (citing *May v. Workman*, 339 F.3d 1236 (10th Cir. 2003)).

[6] Although the Court's analysis focuses on section 2244(d)(1)(A)'s one-year limitation period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," none of the arguments or evidence presented suggests that Petitioner's petition is timely under §§ 2244(d)(1)(B), (C), or (D).

petitioner in *Martinez* filed outside of the one-year limitation period and was permitted to show cause for his default. Thus, Petitioner contends that he should be allowed to show cause for his default. Petitioner argues that his defaulted ineffective assistance of counsel claims should be excused because he was not appointed counsel and was forced to proceed *pro se*.

Petitioner's reliance on *Martinez* is misplaced. *Martinez* does not establish a basis for this Court to hear Petitioner's claim. Before bringing a federal habeas action, the petitioner must exhaust all available state court remedies, either on direct appeal or in a state post-conviction motion. § 2254(b), (c). This exhaustion requirement is not met if the petitioner fails to raise a federal claim, such as ineffective assistance of counsel, in the state court. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). A claim that was not properly exhausted in state court and would now be procedurally barred is procedurally defaulted. *Id.* at 1302–03.

Under *Martinez*, inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel. 132 S. Ct. at 1315. To do so, the state prisoner must show cause for the default and prejudice from a violation of federal law. *Id.* at 1316. *Martinez, however,* announced a "narrow exception" that applies only to situations in which "[i]nadequate

assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315.

Thus, while *Martinez* may excuse a petitioner's failure to raise an ineffective assistance of counsel claim in state court proceedings, *Martinez* does not excuse an untimely filed federal habeas petition. The Eleventh Circuit in *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) expressly addressed this issue, noting that, "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." The Eleventh Circuit explained,

> [t]he § 2254 ineffective-trial-counsel claims in *Martinez* and *Trevino* were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in *Martinez* or *Trevino* did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or trolling in any way.

*Id.* (citing *Martinez*, 132 S. Ct. 1309; *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)).

Petitioner offers no alternative information or argument regarding his failure to timely file his federal habeas petition within the one-year AEDPA limitations period. While a petitioner is entitled to equitable tolling if he

shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).

In this case, Petitioner has failed to offer any explanation for failing to meet the AEDPA's one-year limitations period.  Consequently, Petitioner has failed to demonstrate the requisite extraordinary circumstances to warrant equitable tolling of his AEDPA statute of limitations. Accordingly, Petitioner's Petition is untimely and, therefore, Respondent's motion to dismiss should be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, for the foregoing reasons, it is respectfully

**RECOMMENDED:**

1. Respondent's Motion to Dismiss Petition for Habeas Corpus as Untimely, ECF No. 14, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 2, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 12th day of April, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.